Good morning I'm Judge Gould and I am presiding today and Judge Wynn is on my right. On my left is Judge Collins who is visiting us from Arizona and graciously donating time from his busy calendar and schedule to help the Ninth Circuit with its caseload so we appreciate that. And some of us have tight schedules today on other matters so on whatever cases are being argued we'd appreciate it if the advocates could stick to the time allotted and if there's an amount like now that shows 10 minutes for this first case being argued. If you want to do if appellant wants to do a rebuttal argument try to save some time then you can ask us to remind you but it's ultimately the advocates responsibility. So without further ado let me say the first case and not being argued is first case on the docket today is Islam v. Barr and number 16-72939 and that case is submitted on the briefs. Then the next case which is being argued is United is it this says it is Dennis, Dennis Benjamin right? Yes your honor. Okay and then for the government we have Mr. Atwood. Okay Mr. Benjamin, Mr. Atwood we really appreciate advocates who come here from Idaho. They always do a great job and thanks for traveling so far especially in foggy weather like this. Good morning your honor and may it please support. It's my great privilege to represent Mr. Hunter today. I'd like to reserve three minutes for rebuttal if I may. Mr. Hunter and I asked the court to reverse the application of the four-point sentencing enhancement because Mr. Hunter did not possess the shotgun in connection with another felony and secondly we asked the court to reverse the application of the two-point enhancement for obstruction of justice. If I might turn to the felony the firearm question first. The court of applied the enhancement and commented that they it found that there was a nexus between the possession of the shotgun and the underlying felonious conduct and thus overruled our objection to that. The application note to the guidelines explains that the enhancement only applies when the firearm or potential to facilitate another felony offense or other offense respectively. In in this case the weapon was found underneath the back seat of the stolen vehicle and therefore didn't have the ability or potential to facilitate the this the theft of the car or of the money. Now the district court found a basis based on four facts but a close examination of those facts are inadequate to support the enhancement. First the court found that the discharge of the gun there were discharges of the gun leading up to the eventual theft of the money in in car and the testimony was about a month before the thefts on and he told Ms. Winter who was the homeowner where he was living that he fired the shotgun because there were wires and people were listening and there were microphones and I think that that was a manifestation of what we later learned to be Mr. Hunter's mental health problems with paranoid December 6 firings were totally unrelated to the theft that happened on January the 5th. The second fact that the district court found was on January the 5th there was some altercation with the landlord and the gun was again discharged and it's important to note that the district court found that the gun was discharged not that it was fired because the the evidence was Ms. Winters testified that the gun went off not that Mr. Hunter intentionally fired the gun so it the evidence shows that there was an accidental discharge of the of the gun so this unintentional act which was committed prior to the theft of the money and in the vehicle doesn't show a nexus between the possession of the firearm and steals the vehicle and the $27,000 well no doubt Mr. Hunter took all these things at the same time took the money and loaded it into the car and hid the shotgun but the the shotgun itself doesn't facilitate this because the thefts were accomplished by a stealth. Counsel let me ask you a question about that argument why wouldn't his possession of a shotgun in the backseat of the car have emboldened him to make to do a crime and and have a getaway well the gun is is in a place where it's inaccessible the gun is underneath the backseat of the vehicle and when the police officer stopped Mr. Hunter the testimony is they don't they can't see the firearm they only eventually notice the firearm is there because the seat is somewhat ajar so it's not emboldening to him because it's not accessible to him the cases from this court are pretty clear that mere possession of a firearm only proves possession it doesn't prove an emboldening now if this gun were used to point it pointed at Ms. Winters and and he takes the money and in the gun at force there would be no argument of course but Ms. Winters says that after this third discharge she is sanguine enough to go to sleep and during the night apparently Mr. Hunter takes the money out of the microwave where it was hidden and takes the car and then leaves so it's not accomplished by that counsel as you pointed out the district court in applying the enhancement made these three factual findings and the district court made the findings and indicated that all these shows context and that context matters in terms of finding whether the gun was possessed in connection with the felony what level of those factual findings and you can address the whether there was an error in the district court's finding that this provides context well the the level of of deference is as to factual findings it is clear error as to the application of those findings to the legal question that's reviewed under abuse of discretion and that's a Hinkson case I believe in under this course precedence if the findings of the court do not logically lead to its conclusion that there was a nexus in this case then this court will find an abuse of discretion so I discussed the why the why the particular facts do not nexus under that under that standard of review that it doesn't logically follow from the court's findings that the that the that there was a nexus that there was an emboldening or a nexus that's that's my understanding of the standard of review so is it fair to say then that our review the question for review is whether it was clearly erroneous for the district court to find that the firing of the gun the subsequent discharge and then follow up by taking the money and leaving with the car and concealing the gun that those are subject to clear error review no they're not they the finding that the car that the fire what firearm was discharged is subject to clear error review we don't even dispute the fact that there was discharge the question is once we establish that fact all those factors basically provide context to support the finding and there was a nexus and that is what you review under an abuse of discretion standard my argument is these facts even if taken as true do not provide the nexus that is necessary under these courts precedents I see I only have two minutes left so I would like to preserve that final two minutes for rebuttal thank you you may it please the court Chris Atwood appearing on behalf of the United States on the first issue the shotgun emboldened the defendant to steal the BMW and the $27,000 and that's true for three reasons first of all is this brandishing and discharging of the shotgun that's been mentioned where the during an argument with the victim about the vehicle and the money the very items that he stole just hours later that fight happened during the early morning hours of January 6th between 1 and 5 a.m. was the testimony and that's in the record and the defendant had been arrested already by 830 that same day so this all happens in a number of hours the second reason that supports the shotgun emboldening the defendant is that the district court found the when he stole the BMW and the $27,000 that's notable because the defendant could have left that shotgun behind he's a convicted felon and he subjected himself to prosecution and imprisonment by simply taking that gun with him but he didn't leave it behind he took it with him and he took it with him for a reason it's also notable because implicit in the courts finding that the defendant had the shotgun with him when he stole the BMW and the money is that he had access to the shotgun at some point he took all these belongings from the house and he placed them into the BMW and so he had that shotgun with him and it was accessible to him when he placed it into the backseat of the BMW and if the victim the the roommate miss winter or any of her friends or associates would have come along to interrupt that theft the defendant had that shotgun to facilitate and I had the potential to facilitate the theft the third reason why the shotgun emboldened the defendant the third and final reason and perhaps most importantly is that the circumstances surrounding the defendants placing the shotgun in the BMW the way that the where and how the defendant place it in there is important and that is because the defendant the evidence was the evidence of the record shows that the defendant loaded up all his belongings and placed him into that stolen BMW when he was arrested and the car was searched they found a suitcase with the defendants clothing and his vehicle and so the defendant could have placed that shotgun in the trunk of the vehicle if he wanted it concealed he could have placed it in there if it was just coincidental he could have tossed it in there with his other belongings but he didn't he took the shotgun with him and put it in the backseat of the vehicle and he didn't just place it in the backseat of the vehicle rather he went to some effort when they searched the car the record shows that the backseat the cushion had been unlatched and picked up and the shotgun had been placed in the backseat and then that cushion had been placed back on top it wasn't relatched so it was just resting on top of the shotgun so it was more accessible and again the court found that that possession was not coincidental he went to some effort to hide that there does the record tell us how long it would have taken him to get from the driver's seat to a position where he could retrieve the shotgun the record doesn't say that what the record does show is that this was a BMW sedan the defendant was six foot four and I think common sense and experience can show us that it doesn't take a lot for someone to turn their upper body and reach into the backseat to retrieve that what the court did not find and the government will acknowledge that the not readily accessible but the court did not find that the shotgun was not accessible and again I think common sense and experience tells us that something in the backseat of a sedan when you're in the driver's seat is accessible and so the court did not find that it was not accessible at all I think the defendant wants this court to take a very narrow view of what's accessible and of course that's a relative term and so and also the and we agree it wasn't readily accessible but what is readily accessible being it was accessible I wouldn't our argument is that the shotgun can't be placed in a center console like in the Routon case it can't be placed in a gov club compartment and so the defendant placed to the shotgun in the most accessible place possible while it was still concealed he wants it hidden at a plain view but he doesn't want it in the trunk he wants it near him where he can access it I would also note that this shotgun was loaded it was found with seven shells loaded when it was searched and officers found it so given those facts and circumstance that supports the the district courts conclusion that the defendant was emboldened the Routon case as well as the Polanco case that were cited this court supports the government in this and if a quick comparison to the Routon case you'll remember in in Routon the in fact he stole that excuse me he drove that stolen car for two months he stole it in January drove it until March until he actually acquired the firearm and then after he acquired the firearm he kept it in the center console with him from March until April and the Routon court found that the defendants apparent efforts to maintain the accessibility of the gun permit the inference that the gun emboldened him to continue his illegal conduct and that he would bring the gun with him and kept it a short distance from him and that's what we have in this case is the defendant you can see these efforts that the defendant has gone through not to keep the gun in the trunk but rather to lift up the seat and keep it in a more accessible place so that he can get to it didn't he have the gun almost the whole time he was with miss winter that was the testimony it was his gun he had stolen it from another man named Dean Turner before the prior shooting in December so he had had it for over a month before this shooting in January 6th that's correct the US versus Polanco this this court rejected the argument the narrow view that the defendant wants this court to take as far as the accessibility of the firearm and in Polanco that case was a case the facts of that case were the defendant was selling drugs at an intersection and he was seen during surveillance selling drugs to multiple people at this at the and when he was arrested officers found a gun in the center console of the car and the Polanco court in upholding the enhancement and finding that the gun emboldened the defendant stated although Polanco was not always within arm's reach of his gun like the defendant in Rutan nevertheless he was selling marijuana in the vicinity of his car and thus could have availed himself of his at any time and that's similar to what we have in this case again we acknowledge that it's not as easy to reach into the backseat as it would be to reach into the center console but it's common sense and experience just can't you just can't say that that firearm is not accessible to the defendant he went to great efforts to place that gun there for a reason for a purpose as for the second issue if I could just briefly address that the defendant argues excuse me the court found that the defendant intended a willfully obstructed justice by let by leaving a threatening message for the probation officer who prepared the pre-sentence report the first argument is that the defendant claims the district court didn't correctly apply the law meaning he didn't apply that it was willfully the government acknowledges that the court could have been more specific in its findings but a review of the record reveals the court did apply the correct law this is an experienced district court and I believe that the supplemental excerpts of records pages 17 through 19 clear this issue up quite easily and the context of this is that the government was pursuing two different bases for the obstruction enhancement at sentencing one was that the defendant had after witness had testified in trial the defendant had stated he was going to snap his neck the second was this threatening message that was left for the probation officer and as the court at sentencing the parties made their arguments and the sole issue really where the parties focus their efforts was whether or not this was willful the court ruled on these objections in turn and that starts on the supplemental excerpts of records page 17 and the court stated I'm struck by the need for it to be willful and the court went on to find that the defendant's statements about wanting to snap the neck of a witness was not willful because the witness had already testified and so the court found that the defendant wasn't willfully obstructing justice because he he's made these statements after rather than before the witness testified and then the court turned to this issue of the threatening message for the probation officer and so under those circumstances it's clear that the court was aware of what the standard was that it was willfulness he found it wasn't willful in one instance but he did find that this threatening message for the probation officer was willful the defendant had waived his right and indeed refused to participate in the pre-sentence process and so there's just really no reason for him to be calling the probation officer and then of course he left that made the statement that the district court referred to as the chilling statement where at the end of the message he said the defendants stated that he he looked forward to dealing with the probation officer in the future the court of course also was able to consider the defendants underlying conduct in the case at hand as well as his violent history that was outlined in the pre-sentence report including the fact that the defendant had a prior conviction for witness intimidation and so that courts factual finding was not clearly erroneous and so given all that the government respectfully request this court to affirm the district courts findings and conclusions thank you thank you counsel mr. Benjamin thank you I'd like to turn to the obstruction question if I may and in response to the government arguments the it's clear that the district court judge in this case did not make an express finding that there was a specific intent for mr. hunter to find to intimidate mr. cruiser the PSI investigator the government's argument is is that we need to make a negative inference from a different ruling where the district judge did make a specific finding of lack of intent because the person who was supposedly going to be intimidated was not present in the courtroom when the statement was made so I think that's quite a different situation and and and I agree with the government that judge windmill is a very experienced and thoughtful judge and he has a when he makes a factual finding he puts it on the record because he's very careful about that but in this particular case we do not see an express finding of a specific intent of mr. hunter to intimidate the present investigator you know nor would there be sufficient evidence to make such a finding there's no evidence that mr. hunter was even aware that mr. cruiser could change his report or that the probation officer would somehow make a recommendation to the court so there's absolutely zero evidence in the record that mr. hunter had any idea whatsoever that any statements he made to mr. cruiser could have any effect at all on the eventual outcome and given that and the other arguments I make in my briefing I think to do with insufficient evidence to support that my time is up thank you thank you mr. Benjamin thank you mr. Atwood the court appreciates the excellent advocacy on both sides of the case and we'll wish you a safe travels back to Boise and come again any time in this case shall be submitted
judges: Gould, Nguyen, R. Collins